IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff*,<br><br>v.<br><br>SUIRUI GROUP CO., LTD.,<br>SUIRUI INTERNATIONAL CO., LTD.,<br>JUPITER SYSTEMS, INC.<br><br>*Defendants*. | Civil Action No. 1:26-cv-00369 (AHA)<br><br>Judge Amir H. Ali |

## JOINT STATUS REPORT

As directed in the Court's February 19, 2026 Minute Order, the parties met and conferred on February 23, 2026, to discuss a proposed briefing schedule for Plaintiff's motion for a preliminary injunction. The parties were unable to agree on a briefing schedule and make the following submissions.

**Plaintiff The United States**:  As recounted in the Declaration of the Department of the Treasury Assistant Secretary for Investment Security Christopher Pilkerton, each continued day that Suirui Group controls Jupiter Systems "creates a national security risk due to the potential compromise of U.S. military and critical infrastructure through Jupiter Systems' technology that could result in damage to the U.S. Government, intelligence, and even physical harm to U.S. persons."  Declaration of Christopher Pilkerton ¶ 5 (Dkt. No. 6). This national security risk has already persisted longer than was contemplated under the President's Order prohibiting Suirui's acquisition of Jupiter Systems and ordering divestment. *See Regarding the Acquisition of Jupiter Systems, LLC by Suirui International Co., Limited, 90 Fed. Reg. 31, 125 (July 11, 2025)*. And as Assistant Secretary Pilkerton details, the national security concerns have only increased since the

President's Order due to Defendants' non-compliance with certain access measures and false submissions to CFIUS. Declaration of Christopher Pilkerton ¶¶ 27-29.

Local Civil Rule 65.1(d) provides that where, as here, the moving party requests expedition and submits information which make expedition essential, "a hearing on an application for a preliminary injunction shall be set by the Court no later than 21 days after its filing . . . ." Additionally, LCvR 65.1(c) provides Defendants with seven days from the date of service of the application for a preliminary injunction to file an opposition in response. Plaintiff does not oppose a short extension from the seven-day time limit imposed by LCvR 65.1(c) for Defendants' brief but strongly opposes a briefing schedule that would delay a hearing beyond the 21-day limit set by LCvR 65.1(d). Accordingly, Plaintiff proposes the following schedule:

- Defendants' Response to the motion for preliminary injunction: March 2, 2026;
- Plaintiff's Reply: March 9, 2026;
- Hearing: If the Court desires a hearing, Plaintiff proposes it occur no later than March 11, 2026.

Defendants seek a significant extension of time based in part on their delay in obtaining legal counsel. But as Defendants acknowledge below, the deadline for Defendants' compliance has been a topic of ongoing discussion between Plaintiff and Defendants for months. Defendants do not and cannot claim surprise by the need to respond to Plaintiff's short motion. They have not justified a deviation from this Court's Local Rules, and their proposed briefing schedule would prejudice Plaintiff.

**Defendants:** Defendants propose that their opposition to Plaintiff's motion for a preliminary injunction be due on March 20, 2026. There are several reasons why Defendants require more time to respond to Plaintiff's motion.

*First*, Plaintiff's motion raises a host of important and complicated issues, which require time to address. Indeed, the Government's claims here will have broad ramifications, as this appears to be the first time the Department of Justice has filed suit to enforce a divestiture order concerning a covered transaction that has already been completed. Defendants' counsel were only retained on February 20, 2026. As Plaintiff's complaint confirms, counsel must get up to speed on nearly six years of relevant facts. *See* Compl. ¶ 30 (ECF No. 1) (detailing transaction history starting in February 28, 2020).

Those important and complicated issues are made even more pressing given Plaintiff's request for a mandatory injunction, which seeks to alter the status quo. Plaintiff asks the Court to upend Defendants' corporate structure by inserting an unknown and unidentified receiver to control Defendant Jupiter Systems' operations. That will have a profound impact on Defendants' ability to run their businesses effectively, and it is thus important for Defendants to thoroughly explain to the Court why such injunctive relief should not be granted.

*Second*, the time required to prepare a response to Plaintiff's motion is complicated by the fact that several Defendants reside in China, where their business operations are now closed in connection with the Lunar New Year celebrations, which last through March 3, 2026. It will thus be difficult to make substantial progress developing Defendants' opposition until after March 3, 2026.

To be sure, Plaintiff claims an urgent need for the Court to resolve its motion now. But the facts belie that request. Plaintiff complains about a transaction that occurred several years ago, on February 28, 2020. *See* Compl. ¶ 30. Plaintiff claims that CFIUS identified national security issues with the transaction in December 2024. *Id.* ¶ 32. On April 7, 2025, CFIUS determined that the transaction allegedly continued to pose national security risks. *Id.* ¶ 35. And the President issued

his divestiture order about the transaction on July 8, 2025. *Id.* ¶ 37. Since then, the parties have engaged in periodic meetings and in-person visits to discuss the Jupiter Systems' operations. *Id.* ¶ 43. And the Government provided Defendants with multiple extensions of time, totaling 90 days, to divest. Defendants were continuing to negotiate in good faith when this lawsuit was filed.

Plaintiff did not file suit until February 9, 2026, six years after the transaction and more than a year after CFIUS identified alleged security concerns in late 2024. Plaintiff then waited an additional nine days to file a motion for a preliminary injunction.

Despite that long history, Plaintiff now claims that its request for relief must be adjudicated immediately. But Plaintiff offers nothing beyond its own desire for such urgency, which is undermined by Plaintiff's previous willingness to spend months discussing the matter. And it is undermined by Plaintiff's demand that it also receive seven days for its reply brief, after only affording Defendants seven days for their opposition.

Additionally, Plaintiff suggests that Defendants "delay[ed] in obtaining legal counsel." Defendants did not "delay," as there was no need for litigation counsel when there was no litigation. Defendants retained counsel within two days of Plaintiff filing its preliminary injunction motion. Notably, Plaintiff had not yet completed effective service on Defendants—and still has not completed effective service. Contrary to Plaintiff's suggestion, the preliminary injunction motion came as a surprise, considering Defendants were continuing to negotiate in good faith when Plaintiff filed its lawsuit. In any event, Defendants have identified several reasons beyond the timeline of retaining counsel for requesting a modest three-week extension of their response deadline.

Accordingly, Defendants request that the Court enter the following schedule for Plaintiff's motion for preliminary injunction:

4

- Defendants' opposition to motion for preliminary injunction shall be filed by March 20, 2026.

- Plaintiff's reply shall be filed by April 3, 2026.

- The Court shall set a hearing for a date after April 3, 2026, that is convenient for the Court's schedule.

Dated:  February 23, 2026                           Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director
Federal Programs Branch

JACQUELINE COLEMAN SNEAD
Assistant Branch Director
Federal Programs Branch

*/s/ Samuel Bean*
Samuel Bean (D.C. Bar 90042303)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Tel: (202) 616-0680
Fax: (202) 616-8460
E-mail: Samuel.B.Bean2@usdoj.gov

*Counsel for Plaintiff*

*/s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci
D.C. Bar No. 453423
Brian J. Field
D.C. Bar No. 985577
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
cbartolomucci@schaerr-jaffe.com
bfield@schaerr-jaffe.com

Tingkang Xia^
Peter Leary^
Matthew Berns*
Troutman Pepper Locke LLP
600 Peachtree Street, N.E.
Suite 3000
Atlanta, GA 30308

^ *Pro hac vice* applications pending
* *Pro hac vice* application forthcoming

*Counsel for Defendants*
