UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>SUIRUI GROUP CO., LTD., *et al.,*<br><br>*Defendants.* | Civil Action No.: 26-369 (AHA) |

**DEFENDANTS' MOTION FOR LEAVE TO PRESENT LIVE TESTIMONY
AT PRELIMINARY INJUNCTION HEARING**

Pursuant to Local Civil Rule 65.1(d), Defendants respectfully request leave to present live testimony at the March 11, 2026 preliminary injunction hearing.

As explained in Defendants' Opposition (ECF No. 31), the Government's motion rests on several contentions of fact that are in dispute. Limited live testimony will assist the Court in assessing those key disputes and determining whether the extraordinary relief sought by the Government is warranted. Additionally, Defendants have argued that the Government's requested injunction, including the appointment of a receiver, will cause Defendants harm. Live testimony will provide important support for and context regarding those harms.[1]

---

[1] Given the expedited schedule for the upcoming preliminary injunction hearing, Defendants respectfully request that the Court enter its order on this motion by 12:00 p.m. on Monday, March 9, 2026, to ensure sufficient time for preparations and travel.

**I.       Testimony from Defendants' Declarants, Mr. Pestana and Mr. Xia**

Defendants first seek to present live testimony from their two declarants: (1) Matthew Pestana, Senior Director of Operations for Defendant Jupiter Systems; and (2) Jay Xia, Acting CEO and Director of Shareholder Relations for Defendant Jupiter Systems. Defendants anticipate offering no more than 20 minutes of direct-examination testimony from each witness.

**A.       Matthew Pestana's testimony**

Defendants seek to present testimony from Mr. Pestana about three topics:

1. *Jupiter's products.* Mr. Pestana will respond to the Government's assertion that an injunction is necessary to prevent imminent irreparable injury arising from the "potential compromise of U.S. military and critical infrastructure." Pilkerton Decl. ¶ 5 (ECF No. 6-1). Drawing on his knowledge of Jupiter's products, Mr. Pestana will explain why Jupiter's products present no such risk.

2. *Impact of a receivership.* Mr. Pestana will explain how the appointment of a receiver raises serious concerns and questions about potential harms and commercial consequences for Jupiter. Pestana Decl. ¶ 34 (ECF No. 31-2).

3. *Interactions with CFIUS.* Mr. Pestana will address the timing and substance of Jupiter's communications with CFIUS, CFIUS's knowledge of Mr. Xia's access to Jupiter's facilities (contradicting a main point made by the Government), and Jupiter's efforts to identify potential buyers to facilitate divestiture from Suirui Group Co., Ltd., and its identification of potential buyers to the Government.

Each topic bears directly on the Government's asserted irreparable harm and the necessity of its proposed remedy. Because these issues are factually disputed, live testimony will assist the Court in resolving those conflicts.

**B.     Jay Xia's testimony**

Defendants seek to present testimony from Mr. Xia about three topics:

1. *Operational independence.* Mr. Xia will testify regarding Suirui's hands-off lack of involvement in Jupiter's day-to-day operations and lack of access to Jupiter's engineering, technical and other information, addressing the Government's claims of imminent irreparable harm. *See* Pilkerton Decl. ¶ 5.

2. *Facility access.* Mr. Xia will describe how the Government and its CFIUS representatives were expressly and repeatedly notified in writing of his continued access to certain Jupiter facilities without raising any objections, and he will identify the locations at issue and his actions in those locations. *See* Pilkerton Decl. ¶ 26; Xia Decl. ¶¶ 11–14 (ECF No. 31-3).

3. *Divestiture efforts.* Mr. Xia will explain Suirui's recent and ongoing efforts to divest its interest in Jupiter, confirming that an injunction is unnecessary. *See* Xia Decl. ¶ 21.

These subjects are materially disputed in the record. Limited live testimony will clarify those disputes and assist the Court in evaluating the Government's factual assertions.

## II.  Examination of the Government's Declarant, Christopher Pilkerton

Defendants also request leave to examine Mr. Pilkerton at the preliminary injunction hearing.

Defendants previously sought leave to depose Mr. Pilkerton. *See* ECF No. 22. The Court denied that request without prejudice, *see* Min. Order (Mar. 2, 2026), explaining that it wished to review Defendants' opposition before determining whether live testimony would be helpful, 2/27/26 Status Conf. Tr. at 19:6–7 (ECF No. 31-1). The Court further emphasized Defendants' important due process rights and noted that some questions about non-classified matters could be helpful. *Id.* at 18:25–19:20.

Defendants have now filed their opposition, and the need for live testimony from Mr. Pilkerton is apparent for at least three reasons.

First, several of Mr. Pilkerton's key assertions are now squarely disputed, and the Court will benefit from limited examination to clarify those issues. Defendants anticipate no more than 30 minutes of questioning and will not seek classified information. Second, Mr. Pilkerton's declaration was not executed under penalty of perjury pursuant to the Local Rules or 28 U.S.C. § 1746, and, in that regard, it is unreliable. *See* LCvR 5.1(f); 28 U.S.C. § 1746. Third, Mr. Pilkerton affirms that he is competent to testify to the matters addressed in his declaration. Pilkerton Decl. ¶ 3.

Accordingly, Defendants seek testimony on three narrow subjects:

1. *Receivership*. Mr. Pilkerton asserts that the alleged national security harm "would be alleviated" by placing Jupiter into receivership. Pilkerton Decl. ¶ 6. But

4

the Government has not explained how a receivership would remedy the specific harms it alleges or how a receivership is needed given current access controls. Because this is the central link between the asserted injury and the requested relief, live testimony is necessary before the Court relies on that assertion.

2. *CFIUS's Course of Dealings with Defendants*. The Government relies on Mr. Pilkerton's averments that Defendants were unwilling to divest the transaction and delayed responding to CFIUS inquiries. *See* Mot. at 9 (ECF No. 6); Pilkerton Decl. ¶ 28. Defendants dispute those characterizations and have submitted testimony regarding their continued willingness to divest and the timing of their responses. Limited cross-examination will provide needed context regarding the parties' interactions before negotiations ended and this action was filed.

3. *Access-control issues*. The Government alleges that a dual Suirui/Jupiter employee, acting CEO Jay Xia, improperly accessed Jupiter's Hayward facility for months after access controls were implemented. *See* Pilkerton Decl. ¶ 26; Mot. at 10. But the written record demonstrates that the Government was aware of the specific access it now characterizes as improper. *See* Pestana Decl. ¶¶ 25–30; Xia Decl. ¶¶ 11–14. Given this direct conflict on such an important issue, live testimony from Mr. Pilkerton addressing the record is warranted.

\*   \*   \*

Preliminary injunction motions are often decided in this District without live testimony. *See* LCvR 65.1(d). And deference is commonly afforded to the Executive Branch on national security matters. Even so, where the Government seeks

5

extraordinary, mandatory relief, including the appointment of a receiver, based on disputed factual assertions, limited testimony is appropriate.

For these reasons, the Court should grant leave for limited live testimony from Mr. Pestana and Mr. Xia and permit limited examination of Mr. Pilkerton on his declaration. Defendants anticipate no more than 20 minutes for each of their two witnesses, and 30 minutes for Mr. Pilkerton, followed by approximately 30 minutes for oral argument on the legal issues, or the amount of argument time the Court deems desirable.

March 5, 2026

Respectfully submitted,

*/s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci
D.C. Bar No. 453423
Brian J. Field
D.C. Bar No. 985577
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
cbartolomucci@schaerr-jaffe.com
bfield@schaerr-jaffe.com

Tingkang Xia*
Charles E. Peeler*
Peter D. Leary*
TROUTMAN PEPPER LOCKE LLP
600 Peachtree Street, N.E.
Suite 3000
Atlanta, GA 30308
(404) 870-4698
tim.xia@troutman.com
charles.peeler@troutman.com
peter.leary@troutman.com

*Admitted *pro hac vice*

*Counsel for Defendants*