**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>SUIRUI GROUP CO., LTD., *et al.*,<br><br>*Defendants.* | Civil Action No. 26-00369 (AHA) |

<u>**Order**</u>

On May 26, 2026, this court granted the government's request for a preliminary injunction pending resolution of its claim to enforce the President's order that Suirui Group and its subsidiary divest from Jupiter Systems because their ownership of the company "threatens to impair the national security of the United States." 50 U.S.C. § 4565(d)(1); ECF No. 47; *see Regarding the Acquisition of Jupiter Systems, LLC by Suirui International Co., Limited*, 90 Fed. Reg. 31125 (July 11, 2025). The court concluded the government was likely to succeed in enforcing the President's divestment order, and that, at least based on the current record, the defendants' argument that the order failed to comply with due process is unpersuasive. ECF No. 47 at 9–18. And, in addition to giving deference to the President's finding of a national security risk pursuant to Congress's express authorization, the court credited witness testimony that Suirui had not made meaningful efforts to divest despite asking for multiple extensions and that Suirui's continued control of Jupiter Systems pending litigation posed a national security threat that would irreparably harm the United States. *Id.* at 10, 18–22. Finding that the equities and public interest arising from the national security risk also strongly favored preliminary relief, the court found that appointing a

receiver to manage Jupiter Systems pending litigation was the appropriate relief, tailored to the particular claim likely to succeed and the government's particular showing of harm, equities, and public interest. *Id.* at 23–30; *see* ECF No. 48. The defendants now move for a stay pending appeal. ECF No. 52. The court concludes the defendants have not satisfied the showing required for a stay pending appeal and therefore denies the motion.

The D.C. Circuit has advised that a "stay pending appeal is an 'extraordinary' remedy." *KalshiEX LLC v. Commodity Futures Trading Comm'n*, 119 F.4th 58, 63 (D.C. Cir. 2024) (quoting *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 904 F.3d 1014, 1017 (D.C. Cir. 2018) (per curiam)). To obtain a stay pending appeal, the defendants must show that (1) they will likely succeed on the merits of their appeal; (2) they will suffer irreparable harm absent a stay; (3) a stay will not substantially injure other parties; and (4) a stay is in the public interest. *Id.* The first two factors are "the most critical," and here no factor favors a stay. *Nken v. Holder*, 556 U.S. 418, 434 (2009).

The defendants' argument that they are likely to succeed on the merits of their appeal is unpersuasive. As described in the court's opinion, it is undisputed the President has the authority to order divestment, that he made the required findings to support his divestment order, and that Suirui has failed to comply with the order despite asking for and receiving multiple extensions. ECF No. 47 at 9–10. The court further found that, although Suirui claims it is committed to divestment, it has instead delayed, and taken no meaningful effort toward, compliance. *Id.* at 10. Although the defendants now say the President's order failed to provide due process, the court explained the government is likely to succeed in showing the Committee on Foreign Investment in the United States ("CFIUS") gave the defendants notice of its concerns and its plan to refer the transaction to the President, access to the unclassified evidence it relied on, and an opportunity to

rebut the concerns and evidence, consistent with *Ralls Corp. v. Committee on Foreign Investment in the United States*, 758 F.3d 296 (D.C. Cir. 2014). ECF No. 47 at 11–18. The defendants' stay motion retreads their arguments at the preliminary injunction stage. They continue to posit that CFIUS's letters did not give them "access to" the unclassified evidence CFIUS relied on and that CFIUS must have given an incomplete account. ECF No. 52-1 at 4–6. But the court found that, at least on the record at this stage, the letters gave the defendants "access to" the unclassified information CFIUS relied on, as *Ralls* requires. 758 F.3d at 319; ECF No. 47 at 12–16. The court credited testimony that the letters included all unclassified and uncontrolled information that was in the risk-based analysis relied on to refer the transaction to the President. ECF No. 47 at 13–16; *see* ECF No. 44 at 33–34. And the defendants have not made any colorable argument that they are entitled to anything that was not provided to them, beyond mere speculation that something was improperly withheld. *See* ECF No. 47 at 15–16.[1]

The defendants' remaining arguments for a stay are premised on challenging the court's finding of irreparable harm, which was based on the President's finding of a national security risk and substantial testimony demonstrating that the risk would remain present absent preliminary relief, as well as arguing that it is the defendants that would be irreparably harmed by the appointment of a receiver due to the consequences it may have for their businesses. *See* ECF No. 52-1 at 7–11. Nothing in the defendants' stay motion gives reason to question the court's finding

---

[1]  The defendants' stay motion is also premised on misconstruing the court's opinion, suggesting that the court understood Congress's amendments to the Defense Production Act to modify what is required by *Ralls* and due process. *See* ECF No. 52-1 at 6 (arguing that the court "read[s] nonexistent language into that statute" to alter the requirements of due process set forth in *Ralls*). That isn't accurate. The court concluded that CFIUS's risk-based analysis is, consistent with the statute and the credible testimony in this case, what CFIUS relied on. ECF No. 47 at 15. Providing the unclassified information in the risk-based analysis therefore satisfies *Ralls*. *See* 758 F.3d at 319 (explaining that an affected party has the right to "be given access to the unclassified evidence *on which the official actor relied*" (emphasis added)).

of irreparable harm to the United States posed by the national security risk that was found by the executive branch, as authorized by Congress. *See* ECF No. 47 at 18–21; *TikTok Inc. v. Garland*, 604 U.S. 56, 75 (2025); *Holder v. Humanitarian Law Project*, 561 U.S. 1, 33–34 (2010). And the stay motion also gives no reason to reconsider the testimony, credited by the court, that Jupiter Systems' products used by the federal government, the military, and entities that operate critical infrastructure could be accessed and exploited by the introduction of hardware and software vulnerabilities; that this risk is continuing and will remain so during this litigation as long as Suirui maintains control of Jupiter Systems, given Suirui's relationship with and subordination to the Chinese government; and that Jupiter Systems, as a small company with limited resources, is not in a position to monitor the defendants' implementation of security measures. *See* ECF No. 47 at 18–20. And, as the court further found, any negative consequences to the defendants' businesses from the appointment of a receiver are the result of Suirui's own, repeated delay in pursuing divestment. *Id.* at 23–24. Indeed, if anything, the proceedings before this court indicate that Suirui continues a strategy of delay. At the court's preliminary injunction hearing, the defendants proposed giving Suirui 90 days to divest from Jupiter Systems. *See* ECF No. 44 at 205. It has now been nearly 90 days since the hearing, 114 days since this case was filed, and 330 days since the President's order was issued, but the court has no indication Suirui has taken any further steps to divest. *See* ECF No. 45. That is also consistent with the defendants' failure to meaningfully engage with the terms of a receivership despite having multiple opportunities to do so. *See* ECF No. 47 at 25, 27–28. The harm, equities, and public interest therefore counsel strongly against a stay.

The court accordingly denies the defendants' motion to stay, ECF No. 52.

4

_____
AMIR H. ALI
United States District Judge

Date:   June 3, 2026